UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JAMES D. BIRD, )
 )
    Plaintiff, )
 )    No.: 3:17-CV-206-HSM-DCP
v. )
 )
JASON WOODALL,[1] SHAWN )
PHILLIPS, BOBBY JONES, MATT )
ENGLE, and STEVE CANTRELL, )
 )
    Defendants. )

**MEMORANDUM OPINION**

This is a pro se prisoner's civil rights action under 42 U.S.C. § 1983. Now before the Court is Defendants' motion for summary judgment [Doc. 43], in support of which Defendants filed a memorandum and statement of undisputed facts [Docs. 44 and 45]. Plaintiff filed a response/declaration in opposition to the motion for summary judgment [Doc. 47], a statement of disputed factual issues [Doc. 48], and a brief in opposition to the motion for summary judgment [Doc. 50]. For the reasons set forth below, Defendants' motion for summary judgment [Doc. 43] will be **GRANTED** and this action will be **DISMISSED**.

    I.    **STANDARD OF REVIEW**

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *McLean*

---

[1] As Defendant Woodall is deceased [Doc. 13] and no party filed a motion for substitution of his successor or representative, Defendant Woodall will be **DISMISSED**. Fed. R. Civ. P. 25.

*v. 988011 Ontario Ltd*, 224 F.3d 797, 800 (6th Cir. 2000). As such, the moving party has the burden of conclusively showing the lack of any genuine issue of material fact. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979). To successfully oppose a motion for summary judgment, "the non-moving party . . . must present sufficient evidence from which a jury could reasonably find for him." *Jones v. Muskegon County*, 625 F.3d 935, 940 (6th Cir. 2010). "When the defendants in prisoner civil rights litigation move for summary judgment on administrative exhaustion grounds, they must prove that no reasonable jury could find that the plaintiff exhausted his administrative remedies." *Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017) (citing *Surles v. Andison*, 678 F.3d 452, 455–56 (6th Cir. 2012)).

## II. BACKGROUND

On July 12, 2017, the Court entered an order screening Plaintiff's complaint and allowing the following claims to proceed in this action: (1) Plaintiff's Eighth Amendment claim against Defendants Cantrell, Jones, Engle, Phillips, and Woodall in their individual capacities arising out of the denial of toothpaste and adequate soap to Plaintiff for an extended period of time; and (2) Plaintiff's Eighth Amendment claim against Defendant Engle in his individual capacity arising out of the condition of the shower and the sores and rashes on Plaintiff's feet that resulted from this condition [Doc. 5 p. 1–12].

## III. ANALYSIS

In their motion, Defendants assert that they are entitled to summary judgment on Plaintiff's claims against them because Plaintiff failed to exhaust his administrative remedies for those claims.[2] The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought

---

[2] As Defendants have met their burden to establish that no genuine issue of material fact remains as to the issue of whether Plaintiff exhausted his available administrative remedies for his claims prior to filing his complaint, the Court will not reach Defendants' argument that they are

2

with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement of the PLRA is one of "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). As such, prisoners must complete "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id.* at 88.

"There is no uniform federal exhaustion standard [and] [a] prisoner exhausts his remedies when he complies with the grievance procedures put forward by his correctional institution." *Mattox*, 851 F.3d at 590. The Sixth Circuit, however, has specifically stated that the purpose of the exhaustion requirement in the PLRA "is to allow prison officials 'a fair opportunity' to address grievances on the merits, to correct prison errors that can and should be corrected and to create an administrative record for those disputes that eventually end up in court." *Reed—Bey v. Pramstaller*, 603 F.3d 322, 324–25 (6th Cir. 2010).

First, Defendants did not file the "TDOC Inmate Grievance Procedures" handbook, which provides inmates with "detailed instructions" regarding filing grievances according to Tennessee Department of Correction's ("TDOC") Grievance Policy 501.1 VI. A. Regardless, however, it is apparent that no reasonable juror could find that the two grievances that Plaintiff filed regarding his claims in this action prior to filing his complaint[3] provided jail officials a "fair opportunity" to

---

entitled to summary judgment because the undisputed material facts show that Plaintiff fails to state a claim for violation of the Eighth Amendment.

[3] At his deposition, Plaintiff agreed that the grievances he filed with his complaint were the only ones that he had filed regarding the claims in his complaint prior to filing his complaint [Doc. 43-1 p. 33–34]. While Plaintiff also stated that he had filed a grievance about a related issue in late 2017, Plaintiff filed his only complaint in this action on May 4, 2017 [*Id.*; Doc. 1 p. 21]. As

3

address Plaintiff's claims in this action. As such, Defendants have met their burden to establish that Plaintiff did not exhaust his administrative grievances for his claims against them prior to filing his complaint.

Plaintiff's first jail grievance regarding his claims in this action stated as follows in the portion titled "Description of Problem":

> Y'all take 100% of my money for [r]estitution wer[illegible] ass[a]ult case from 1-21-14, my uncle Ron Ramsey LT. [illegible]or called up here a few weeks ago and spoke to a Jessica or someone and told her my situa[]tion and that every time I went to the chapl[a]in [sic] that they never had deod[o]rant or shampoo or toothpaste and that this has been going on for over 6 months. She then told him that she would allow only 1/2 my money be taken on Nov. state draw and for me to send her a request. So I did and I received the request back stat[]ing that she can take my account down to [zero cents].
>
> Something has to be done to get around this situation. It is "inhuman" not to provide me proper hygiene or allow me to order it. I have suffered 2 cavit[ies] and dental issues b[]y not being able to brush my teeth.

[Doc. 1 p. 24–25]. In the portion of this grievance titled "Requested Solution," Plaintiff wrote "That I be given the proper hyg[i]ene to meet my needs or I be given a break every 3 months on state pay to order my hyg[i]ene [sic]/writing materials" [*Id.* at 24].

In his second grievance regarding the issues in his complaint, Plaintiff stated as follows in the portion titled "Description of Problem": "Trust fund & TDOC take 100% of my money/pay. How am I suppose[ed] to get these items: batteries for electronics, cups, bowls, shower shoes, light bulbs, cable cord, fingernail, toenail clippers, because they are not supplied to us?" [Doc. 1 p. 32]. In the portion of this grievance titled "Requested Solution," Plaintiff wrote "That these items be

---

such, any such grievance is irrelevant to whether Plaintiff exhausted his administrative remedies for the claims in this action prior to filing his complaint as the PLRA requires.

supplied to us as needed or, TDOC only take 50% of our money/pay so we can order these things" [*Id.*].

These grievances, however, do not allow any reasonable juror to find that Plaintiff exhausted his administrative remedies for his claims in this action that Defendants violated his rights under the Eighth Amendment because they knew that he did not have certain hygiene materials that he required to take care of himself and/or required cleaning materials, but did not remedy the situation. As such, Plaintiff's grievances did not allow jail officials to correct any such error. While Plaintiff's first grievance does mention that Plaintiff's uncle had called the jail and told an individual named "Jessica" that Plaintiff had been unable to get deodorant, shampoo, or toothpaste from "the chapl[a]in" for six months, this statement is insufficient to support finding that Plaintiff's grievance asserted that Defendant Chaplain Cantrell had wrongfully ignored Plaintiff's need for these items such that jail officials could have corrected any such error. Rather, it is apparent from this grievance that Plaintiff asserts only that Defendant Chaplain Cantrell and/or Defendant Chaplain Cantrell's office did not supply these items to Plaintiff because they did not have them.

In other words, Plaintiff's grievances cannot "be fairly read to request relief from any action or lack of action attributable to" any Defendants in this action. *See Mattox*, 851 F.3d at 595. The Court is cognizant that the *Mattox* decision involved claims against the Michigan Department of Correction, which has a policy that specifically requires prisoners to provide the names of all individuals involved in any grievance. *Id.* at 590. The Court also notes that, as set forth above, Defendants have failed to provide any proof of what TDOC requires inmates to include in a grievance. Plaintiff's grievances, however, are devoid of any reference to any jail official knowingly denying Plaintiff sufficient hygiene and/or cleaning supplies. Rather, it is apparent that

5

the focus of Plaintiff's grievances was Plaintiff's disagreement with TDOC's policy that allowed jail officials to take Plaintiff's funds to pay restitution in a manner that prevented Plaintiff from being able to order hygiene items without providing him with all such items. As such, the Court finds that Plaintiff's grievances were insufficient to exhaust any such claims.

Accordingly, even making all reasonable inferences in Plaintiff's favor, Defendants have met their burden to establish that no genuine issue of material fact remains on the issue of whether Plaintiff exhausted his available administrative remedies as to his claims against them.

**IV.     CONCLUSION**

For the reasons set forth above, Defendant Woodall will be **DISMISSED**, Defendants' motion for summary judgment [Doc. 43] will be **GRANTED** and this action will be **DISMISSED**.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**E N T E R**:

*/s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE